* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Robert J. Harris and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Robert J. Harris, with minor modifications and enters the following Decision and Order.
 * * * * * * * * * * *
The following document was proffered into evidence as an:
 EXHIBIT *Page 2 
1. Plaintiff's Exhibit 1: Form DC-160
 * * * * * * * * * * * ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, Plaintiff was damaged when his personal property was lost. Since the Deputy Commissioner awarded damages to Plaintiff in the amount of $150.00 from which defendant did not appeal the only issue on appeal to the Full Commission is whether the damages awarded are adequate.
 * * * * * * * * * * *
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. On May 5, 2004, Plaintiff was incarcerated with Defendant and was being transferred from Polk Correctional Institution to Foothills Correctional Institution.
2. Before Plaintiff got on the transfer bus at Polk, his personal property was inventoried by Correctional Officer Harris on a Form DC-160. All of Plaintiff's personal property was put on the bus with him.
3. Plaintiff switched buses at Sandy Ridge Correctional Institution and again at Alexander Correctional Institution on the way to Foothills.
4. By the time Plaintiff arrived at Foothills, his personal property had disappeared, and it was never recovered.
5. Plaintiff's lost property, all of which was listed in "new" condition when it was inventoried, consisted of many personal health and toiletry items, a radio and headphones, batteries, a watch, a lock, legal pads and pens, cigarettes, a Bible, two criminal law and procedure books, Mother's Day cards and stamps. *Page 3 
6. The total valuation for the lost items would appear to be approximately $150.00. Therefore, damages in the amount of $150.00 would be adequate compensation to Plaintiff for his property loss.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Defendant's personnel were under a duty of reasonable care to safeguard Plaintiff's personal property during his transfer to ensure that it was not lost.
2. Defendant's personnel breached their duty of reasonable care by losing Plaintiff's personal property.
3. As an actual and proximate result of Defendant's personnel's breach of their duty of care, Plaintiff suffered damages in the amount of the value of his lost property.
4. Having shown that he was damaged by the negligence of Defendant's personnel, Plaintiff is entitled to compensation under the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, it is therefore ordered as follows:
 O R D E R
1. Defendant shall pay to Plaintiff the sum of $150.00 in money damages.
2. Defendant shall pay the costs of this action.
This the ___ day of April, 2009. *Page 4 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER *Page 1